UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH REAGAN and GAIL REAGAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.,<br><br>        Defendants. | No. 2:12-cv-02365-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

On August 13, 2012, Joseph Reagan and Gail Reagan ("Plaintiffs") filed a civil action against Wells Fargo Bank, National Association ("Defendant") in the Superior Court of California in and for the County of Solano. Defendant removed the case to this Court on September 14, 2012 (ECF No. 1), and filed a Motion to Dismiss Plaintiffs' Complaint on September 21, 2012 (ECF No. 4). Plaintiffs failed to respond to Defendant's Motion to Dismiss and the Court dismissed Plaintiffs' Complaint with leave to amend on October 24, 2012. (ECF No. 7.) Plaintiffs filed their First Amended Complaint on November 14, 2012. (ECF No. 8.) Defendant filed the present Motion to Dismiss on December 4, 2012 (ECF No. 9), along with a Request for Judicial Notice (ECF No. 10). Again, Plaintiffs failed to oppose Defendant's Motion to Dismiss. For the reasons described below, Defendant's Motion to Dismiss is GRANTED.

# BACKGROUND[1]

On February 16, 2006, Plaintiffs obtained a loan from Ohio Savings Bank in the amount of $354,500.00 with a monthly mortgage of $2,417.00 for property located at 207 Bridgewater Circle, Suisun City, California.  At some point after February 2006, Defendant acquired the mortgage.  Plaintiffs made timely mortgage payments from March 2006 to June 2010 despite a drastic change in Plaintiffs' financial situation.  In 2007, Joseph Reagan lost his job.  From 2007 until 2010, Plaintiffs paid their monthly mortgage payments with a combination of unemployment benefits and their savings.  In March 2010, Plaintiffs submitted an application for mortgage assistance.  Defendant agreed to not foreclose on the property until Defendants reviewed Plaintiffs' request for mortgage assistance.  In the Summer of 2010, Defendant offered Plaintiffs a trial period plan that lowered Plaintiffs' monthly mortgage payment to $1,178.00 from July 2010 to June 2011.  Defendant promised to offer a permanent modification upon Plaintiffs' successful completion of the trial period plan.  Plaintiffs entered into a second trial period plan with Defendant that required Plaintiffs to pay a $1,000.00 monthly payment from July 2011 to November 2011.  In December 2011, Plaintiffs made a $1,000.00 payment, but Defendant returned that payment without explanation.  Later in December 2011, Defendant sent a letter to Plaintiffs explaining that Defendant would be unable to give Plaintiffs permanent mortgage assistance.  In March 2012, Plaintiffs made a subsequent request for mortgage assistance.  Again, Defendant promised to review the request.  However, in May 2012, Defendant informed Plaintiffs that Defendant was unable to give any additional mortgage assistance or modification plans.  In August 2012, Defendant scheduled a sale of the property.

///

///

---

[1] Unless specified otherwise, the Court adopts the factual allegations in Plaintiffs' First Amended

1 **ANALYSIS**

On December 4, 2012, Defendant filed a Request for Judicial Notice in Support of Defendant's Motion to Dismiss. (ECF No. 10.) Defendant requested that the Court take judicial notice of several documents, including: (1) the Declaration in Support of Motion for Relief from Automatic Stay filed on September 20, 2010, in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, case number 2010-36387; (2) the Voluntary Petition (Chapter 7) of Joseph Paul Reagan, Jr. filed on June 22, 2010, in case number 2010-36387; (3) the CM/ECF docket for case number 2010-36387; (4) the Motion for Relief from Automatic Stay and Memorandum of Points and Authorities in Support thereof, filed September 20, 2010, in case number 2010-36387; (5) the Discharge of Debtor entered October 13, 2010, in case number 2010-36387; (6) the Voluntary Petition (Chapter 7) of Gail Reagan, filed on May 22, 2012, in the United States Bankruptcy Court, Eastern District of California, case number 2012-29840, (7) the bankruptcy schedules filed May 24, 2012, by Gail Reagan in case number 2012-29840; (8) the Amended Schedule A filed June 19, 2012, by Gail Reagan in case number 2012-29840; (9) the Amended Schedule B filed by June 19, 2012, by Gail Reagan in case number 2012-29840; (10) the CM/ECF docket for case number 2012-29840; and (11) the Discharge of Debtor in case number 2012-29840.  (Id.)

The Court takes judicial notice of all eleven documents described above pursuant to Federal Rule of Evidence 201(b).  Rule 201 permits courts to take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  All eleven documents are documents that were previously filed in the United States Bankruptcy Court for the Eastern District of California.  This Court has no reason to question the accuracy of documents filed in the United States Bankruptcy Court located within this District.

///

See, e.g., Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).  Further, the Court is troubled that Plaintiffs' Complaint failed to even mention either Joseph or Gail Reagan's bankruptcy, especially since the attorney representing Plaintiffs in this action represented Gail Reagan in her bankruptcy proceeding.

Joseph Reagan filed his Voluntary Bankruptcy Petition on June 22, 2010, and Gail Reagan filed her Voluntary Bankruptcy Petition on May 22, 2012. (ECF No. 10, Exs. 5 and 15.)  The property at issue in this case (207 Bridgewater Circle, Suisun City, California) is listed in both Plaintiffs' Voluntary Bankruptcy Petitions.  (Id.)  The Bankruptcy Court discharged Joseph Reagan's bankruptcy on October 13, 2010, and Gail Reagan's bankruptcy on August 27, 2012.  (ECF No. 10, Exs. 9 and 20.)  The Ninth Circuit has recognized that "[t]he Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims."  Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 785 (9th Cir. 2001) (internal quotation marks omitted) (citing In re Coastal Plains, Inc., 179 F.3d 197, 207-08 (5th Cir. 1999); Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992); 11 U.S.C. § 521(1)).  The duty to disclose contingent claims continues throughout the bankruptcy proceeding.  Hamilton, 270 F.3d at 785 (citations omitted).

After both bankruptcies concluded, Plaintiffs filed a complaint against Defendant alleging:  constructive fraud, wrongful foreclosure based upon statutory violations, promissory estoppel, negligence, negligent misrepresentation, and violation of California Business and Professions Code section 17200.  (ECF No. 8.)  Plaintiffs allege Defendant committed the actions described above between March 2010 and August 2012.  (Id.)  Thus, Plaintiffs purport that these claims arose during the same period as Plaintiffs bankruptcies.  The Court reviewed all the documents it took judicial notice of related to Plaintiffs' bankruptcies and nowhere in those documents are any potential claims against Defendant listed.  (ECF No. 10, Exs. 1, 5, 6, 8, 9, 15-20.)

1 | Because Plaintiffs failed to list any claims against Defendant as potential assets in their
2 | bankruptcy proceedings, Plaintiffs do not have standing and the doctrine of judicial
3 | estoppel bars this action against Defendant.  See, e.g., Guay v. Burack, 677 F.3d 10, 17
4 | (1st Cir. 2012) (quoting Moses v. Howard Univ. Hosp., 606 F.3d 789, 798 (D.C. Cir.
5 | 2010) for the proposition:  "[E]very Circuit that has addressed the issue has found that
6 | judicial estoppel is justified to bar a debtor from pursing a cause of action in a district
7 | court where debtor deliberately fails to disclose pending suit in a bankruptcy case.");
8 | Conrad v. Bank of Am., 53 Cal. Rptr. 2d 336, 348 (Cal. Ct. App. 1996) ("[I]t appears to
9 | be a universal rule that the failure to disclose a potential lender liability claim in a
10 | bankruptcy action precludes subsequent prosecution of such an action.").  The Ninth
11 | Circuit is not an exception to the rule.  In Hamilton, the Ninth Circuit concluded:
12 | 
13 | > Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.
14 |
15 | 270 F.3d at 784 (citations omitted).  The Ninth Circuit explained that such a conclusion
16 | was necessary to maintain the "integrity of the bankruptcy process."  Id. at 785; see also
17 | Hay, 978 F.2d at 557 (applying the doctrine of judicial estoppel to a plaintiff's district
18 | court action against a lender because the action was inconsistent with the plaintiff's
19 | statement on his bankruptcy petitions that he had no claims).
20 |         In this case, Plaintiffs' claims against Defendant are inconsistent with their
21 | statements on their bankruptcy petitions.  (ECF No. 10, Exs. 5 and 15.)  Plaintiffs
22 | obtained relief in bankruptcy court on the basis of those representations.  Thus, the
23 | Court must apply the doctrine of judicial estoppel and conclude that Plaintiffs are
24 | judicially estopped from pursuing claims against Defendant.
25 | ///
26 | ///
27 | ///
28 | ///

**CONCLUSION**

Defendant's Motion to Dismiss is GRANTED without leave to amend. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: April 4, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE